IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUTUAL INDUSTRIES, INC. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 11-5007 |
| AMERICAN INTERNATIONAL INDUSTRIES | : : | |

**SURRICK, J.**                                                                                   **OCTOBER  11 , 2011**

### MEMORANDUM

Presently before the Court is Defendant American International Industries's Motion for a More Definite Statement, pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 3.) For the following reasons, the Motion will be granted in part and denied in part.

**I.      BACKGROUND**

Plaintiff Mutual Industries, Inc. is a Pennsylvania corporation that sells beauty supplies. (Compl. ¶¶ 1, 4, Def.'s Mot. Ex. A, ECF No. 3.) This is a diversity action in which Plaintiff alleges that Defendant American International Industries sought to eliminate Plaintiff from the beauty supply market and tortiously interfered with four distribution contracts that Plaintiff had with its distributors. (Compl. ¶¶ 12, 16-39.)

Plaintiff commenced this lawsuit on June 30, 2011 in the Court of Common Pleas in Philadelphia, Pennsylvania. (Compl.) On August 4, 2011, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. (Notice of Removal ¶ 14, ECF No. 1.) On August 11, 2011, Defendant moved for a more definite statement, pursuant to Rule 12(e). On August 31, 2011, Plaintiff responded to Defendant's Motion. (Pl.'s Resp., ECF No. 4.)

Plaintiff's Complaint contains thirty-nine paragraphs and four counts, each alleging that

Defendant tortiously interfered with a contractual relationship.  The Complaint alleges that Defendant is the leading manufacturer and distributor of beauty supplies.  (Compl. ¶ 11.)  It alleges that "Plaintiff purchased a company called Mastex Industries, Inc." and "began selling Massex[sic] [beauty] products under the name Mutual Beauty . . . ."  (*Id*. at ¶¶ 3-4.)  The Complaint alleges that Plaintiff entered into four distribution agreements with four different entities.  Copies of the four agreements are attached to the Complaint as exhibits.  (*Id.* at ¶¶ 7, 10 & Exs. 1 ("VNC Northeast Agreement"), 2 ("VNC West Coast Agreement"), 4 ("BTB Northeast Agreement"), 5 ("BTB Southeast Agreement").)  The four entities with whom Plaintiff contracted are VNC Sales & Marketing Northeast, VNC Sales & Marketing West Coast, BTB Sales & Marketing, Inc. and BTB Southeast Sales Group, Inc.  (*Id.*)  The VNC Northeast Agreement contains the signature of Plaintiff, dated October 1, 2010, but does not contain a signature for VNC Sales & Marketing Northeast or a date of execution.  (VNC Northeast Agreement.)[1]  The VNC West Coast Agreement does not contain the signature or date of signature of either party, nor does this agreement show an execution date.  (VNC West Coast Agreement.)[2]  The BTB Northeast Agreement and BTB Southeast Agreement, both of which appear to be fully executed, show an execution date of March 1, 2010 (BTB Northeast Agreement; BTB Southeast Agreement.)

   Defendant now seeks an order from the Court directing that "plaintiff . . . re-plead this action with greater particularity."  (Def.'s Br. 10, ECF No. 3.)  Defendant generally asserts that

---

[1] There are three date and time stamps at the top of the document:  September 24, 2010 at 10:36 a.m., June 28, 2011 at 16:08 and July 7, 2011 at 11:20.  (VNC Northeast Agreement.)

[2] There are three date and time stamps at the top of the document:  April 1, 2011 at 6:15 p.m., April 7, 2011 at 10:11 and July 7, 2011 at 11:20.  (VNC West Coast Agreement.)

Plaintiff's Complaint contains only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); (Def.'s Br. 9).  Specifically, Defendant states two objections:  (1) that Plaintiff failed to "include a single date as to any of the alleged operative events," such as "when [Plaintiff] allegedly purchased 'Mastex Industries, Inc.,' when it allegedly contracted with the Van Nest Company or BTB Distribution Group, LLC, or when [Defendant] allegedly contacted these entities"; and (2) that "[P]laintiff never explains the relationship between its alleged purchase of 'Mastex Industries, Inc.' allegedly sold as 'Mutual Beauty', and its allegations that 'Mutual Industries' were distributed by the Van Nest Company and BTB Distribution Group, LLC." (*Id.* at 9.)

Plaintiff responds that it has complied with the federal pleading requirements and that the Complaint sets forth sufficient facts to permit Defendant to respond.  (Pl.'s Resp. 1.)

**II.     LEGAL STANDARD**

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Rule 12(e) is part of the "district court's case-management arsenal," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 593 n.13 (2007), that, in conjunction with the rest of Rule 12 and Rule 8, serves "to frame and govern [the] court's assessment of the quality of a pleading."  *Sony BMG Music Entm't v. Cloud*, No. 08-1200, 2008 WL 3895895, at *2 (E.D. Pa. Aug. 28, 2008).  Generally speaking, "Rule 12(e) motions are disfavored in light of the liberal pleading standards established by Fed. R. Civ. P. 8(a)."  *Transport Int'l Pool, Inc. v. Ross Stores, Inc.*, No. 06-1812, 2009 WL 1033601, at *2 (E.D. Pa. Apr. 15, 2009); *see also Country Classics at Hill Homeowners' Ass'n v. Country*

*Classics at Morgan Hill, LLC*, No. 09-4903, --- F. Supp. 2d ---, 2011 WL 1630341, at *2 (E.D. Pa. Apr. 27, 2011) ("[M]otions for a more definite statement are 'highly disfavored.'").  Courts will grant a Rule 12(e) motion only "if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading."  *Country Classics*, 2011 WL 1630341, at *2 (internal quotations omitted).  Rule 12(e) motions are not a substitute for the discovery process.  *See MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (stating that Rule 12(e) motions are not appropriate where the more definite statement sought "presents a proper subject for discovery"); *WIH Mgmt., Inc. v. Heine*, No. 99-3002, 1999 WL 778319, at *4 (E.D. Pa. Sept. 30, 1999) (noting that a Rule 12(e) motion is not a substitute for the discovery process); *Steinberg v. Guardian Life Ins. Co.*, 486 F. Supp. 122, 123 (E.D. Pa. 1980) (finding Rule 12(e) inapplicable where "[a]dditional information may be obtained from the discovery procedures").  "[T]here should be a bias against the use of the Rule 12(e) motion as a precursor to a Rule 12(b)(6) motion or as a method for seeking out a threshold defense."  *Argonaut Ins. Co. v. HGO, Inc.*, No. 96-1115, 1996 WL 433564, at *2 (E.D. Pa. July 25, 1996) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 at 598).

### III. DISCUSSION

Under Pennsylvania law,

> [o]ne who intentionally and improperly interferes with the performance of a contract . . . between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the third person's failure to perform the contract.

*Nathanson v. Med. Coll. of Pa.,* 926 F.2d 1368, 1388 (3d Cir. 1991); *Ruder v. Pequea Valley*

*School Dist.*, No. 10-442, --- F. Supp. 2d ----, 2011 WL 1832794, at *8 (E.D. Pa. May 12, 2011) (citing *Judge Tech. Servs., Inc. v. Clancy*, 813 A.2d 879, 887 (Pa. Super. Ct. 2002)).  A plaintiff alleging intentional interference with a contractual relationship must demonstrate:  (1) the existence of a contractual relationship; (2) the defendant's intent to harm the plaintiff by interfering with that contractual relationship; (3) the absence of privilege for such interference; and (4) damages resulting from the defendant's actions.  *Crivelli v. Gen. Motors Corp.*, 215 F.3d 386, 394 (3d Cir. 2000) (citing *Strickland v. Univ. of Scranton*, 700 A.2d 979, 985 (Pa. Super. Ct. 1997)).

      Here, Plaintiff has pleaded the existence of contractual relationships with third parties.  (Compl. ¶¶ 7, 10; VNC Northeast Agreement; VNC West Coast Agreement; BTB Northeast Agreement; BTB Southeast Agreement.)  By alleging that "Defendant sought to remove Mutual Industries from the beauty supply market" and "Defendant contacted both the BRB Distribution Group LLC and the Van Nest Company and threatened to discontinue its business relationship with them unless they stop selling Mutual Beauty products" (Compl. ¶¶ 12-13, 18, 24, 30, 36), Plaintiff sufficiently pleaded Defendant's intent to harm Plaintiff by interfering with the contractual relationships.  In addition, the Complaint alleges that Defendant's conduct was "willful" and "malicious."  The Complaint specifically states that Defendant cannot assert a privilege because "Defendant's conduct was willful, malicious, or so recklessly indifferent to Plaintiff's rights . . . ."  (Compl. ¶¶ 19, 21, 25, 27, 31, 33, 37, 39.); *see KBT Corp. v. Ceridian Corp.*, 966 F. Supp. 369, 376 (E.D. Pa. 1997) (finding absence of privilege implicit in allegations of Defendant's willful conduct).  Finally, Plaintiff has sufficiently pleaded the fourth element of an intentional interference claim, damages resulting from Defendant's actions.  The Complaint

alleges that Plaintiff lost its business accounts with the four companies, lost revenue from the cancelled accounts and suffered decreased product exposure, and as a result, requests "compensatory and punitive damages in an amount in excess of $50,000.00." (Compl. ¶¶ 20, 26, 32, 38); *see KBT*, 966 F. Supp. at 376 (damage sufficiently pleaded by plaintiff's allegation that it lost revenue from refusal of advertisers to purchase). Plaintiff has complied with the requirement of Rule 8(a)(2), by providing fair notice to Defendant of its claims.

Defendant contends that the Complaint is deficient because Plaintiff fails to "include a single date as to any of the alleged operative events," including "when [Plaintiff] allegedly purchased 'Mastex Industries, Inc.,' when it allegedly contracted with the Van Nest Company or BTB Distribution Group, LLC, or when [Defendant] allegedly contacted these entities." (Def.'s Br. 9.) Specifically, Defendant asserts that without these dates, it "cannot be certain as to what rights and/or duties it may have had with relation to [Plaintiff] at the time of the alleged misconduct" and "cannot be certain as to whether there is a defense based on the statute of limitations, impossibility, etc." (Def.'s Mot. ¶¶ 23-24.) However, Rule 12(e) "is designed to strike at unintelligibility rather than want of detail." *Bidic v. Prudential Ins. Co. of Am.*, No. 86-2670, 1987 WL 7838, at *5 (D.N.J. Jan. 20, 1987); *see also Frazier v. Southeastern Pennsylvania Trans. Auth.*, 868 F. Supp. 757, 763 (E.D. Pa. 1996) (noting that "a motion for a more definite statement is generally disfavored, and is used to provide a remedy for an unintelligible pleading rather than as a correction for lack of detail"). Moreover, a Rule 12(e) motion should not be used to seek out a threshold defense. *Argonaut*, 1996 WL 433564, at *2. Defendant's request that Plaintiff re-plead its Complaint to include the date of purchase of Mastex Industries, Inc. and the date of Defendant's alleged contact with the VNC and BTB

companies must be denied because such information is properly sought through discovery. *See Steinberg v. Guardian Life Ins. Co.*, 486 F. Supp. 122, 123 (E.D. Pa. 1980) (denying Rule 12(e) motion because discovery could provide more definite information); *Copper Seven, Inc. v. G.D. Searle & Co.*, No. 87-3430, 1988 WL 30187, at *3 (D.N.J. Mar. 29, 1988) (denying defendants' request for more definite statement identifying approximate dates of allegedly incorrect payments to determine whether statute of limitations defense should be pleaded because this information was properly sought in discovery).

Similarly, Defendant's request that Plaintiff "explain[] the relationship between its alleged purchase of 'Mastex Industries, Inc.' allegedly sold as 'Mutual Beauty', and its allegations that 'Mutual Industries' were distributed by the Van Nest Company and BTB Distribution Group, LLC" (Def.'s Br. 9) seeks information properly sought in discovery. *Cf. Laminar Flow, Inc. v. Key*, No. 03-6008, 2004 WL 2384988, at *3 (E.D. Pa. Oct. 22, 2004) (denying 12(e) motion because plaintiff need not disclose customers, engineering designs and manufacturing methods defendant allegedly interfered with). In short, the Complaint is not so vague or ambiguous that Defendant cannot respond. Plaintiff has stated "a short and plain statement" and provided fair notice to Defendant of Plaintiff's claim. Fed. R. Civ. P. 8(a)(1).

Nevertheless, "[a]lthough not strictly authorized by the language of Rule 12(e), an order for a 'more definite statement' may perhaps be appropriate if the addition of a date or the clarification of whether the contract is oral or written would significantly advance the litigation because of a statute of limitations or a statute of frauds." *Argonaut*, 1996 WL 433564, at *2. Although Plaintiff here has attached as exhibits to its Complaint the four agreements with which Defendant allegedly interfered, two of these agreements, the VNC Northeast Agreement and the

VNC West Coast Agreement, do not indicate the dates of execution.  We find that the addition of the execution dates of the VNC Northeast Agreement and the VNC West Coast Agreement could significantly advance the litigation here, and such information is easily accessible by Plaintiff. Accordingly, we will grant Defendant's Motion to the extent that it requests Plaintiff to state the dates of execution of the VNC Northeast and VNC West Coast Agreements.[3]

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for a More Definite Statement will be granted in part and denied in part.

An appropriate Order follows.

**BY THE COURT:**

**R. BARCLAY SURRICK, J.**

---

[3] Plaintiff may comply with the Court's order by attaching dated and executed versions of the two agreements; however, Plaintiff is not required to do so.  See *Jones v. Select Portfolio Servicing, Inc.*, No. 08-973, 2008 WL 1820935, at *4 (E.D. Pa. Apr. 22, 2008) ("A plaintiff is not required to attach the subject contract to the complaint . . . ."); *WIH Mgmt., Inc.*, 1999 WL 778319, at *3-4 (denying defendants' request that plaintiff attach two agreements in order for defendants to determine whether associated claims could be dismissed because complaint was sufficiently pleaded); *Pierce v. Montgomery Cnty. Opportunity Bd., Inc.*, 884 F. Supp. 965, 970 (E.D. Pa. 1995) ("permit[ting] a plaintiff [to] assert existence of an express, written contract either by setting it forth verbatim in the complaint . . . attach[ing] a copy as an exhibit, or plead[ing] it according to its legal effect") (internal citations omitted); *Lone Star Indus., Inc. v. Nelstad Material Corp.*, 811 F. Supp. 147, 148 (S.D.N.Y. 1993) ("[N]otice pleading under [Rule] 8 permits allegations concerning governing documents even if not attached to the complaint.").