THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| MUTUAL INDUSTRIES, INC. | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 11-5007 |
| | : | |
| AMERICAN INTERNATIONAL INDUSTRIES | : : | |

**SURRICK, J.**                                                                                      **JULY  15 , 2013**

**MEMORANDUM**

Presently before the Court is Plaintiff, Mutual Industries, Inc.'s, Motion to Compel Discovery Responses (ECF No. 27). For the following reasons, Plaintiff's Motion will be granted in part and denied in part.

**I.**     **BACKGROUND**

Plaintiff Mutual Industries, Inc. is a Pennsylvania corporation that sells beauty supplies. (Am. Compl. ¶¶ 1, 6, ECF No. 10.) This is a diversity action in which Plaintiff alleges that Defendant American International Industries sought to eliminate Plaintiff from the beauty supply market by tortiously interfering with five distribution contracts that Plaintiff had with its distributors. (*Id.* at ¶¶ 2, 11, 12.)

Plaintiff commenced this lawsuit on June 30, 2011 in the Court of Common Pleas of Philadelphia, Pennsylvania. (Notice of Removal ¶ 1, ECF No. 1.) On August 4, 2011, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. (*Id.* at ¶ 14.) Defendant filed a motion for a more definite statement on August 11, 2011. (ECF No. 3.) On October 11, 2011, we filed a Memorandum and an accompanying Order (ECF Nos.

8, 9) granting in part and denying in part Defendant's motion.  Plaintiff subsequently filed an Amended Complaint in compliance with this Order.  (ECF No. 10.)  Defendant filed an Answer to the Amended Complaint on December 29, 2011.  (ECF No. 12.)

On September 12, 2012, Plaintiff served Defendant with Interrogatories (Interrog., Pl.'s Mot. Ex. 1, ECF No. 27) and Requests for Production of Documents (Doc. Req., Pl.'s Mot. Ex. 2).  Thereafter, Plaintiff served Defendant with two supplemental document requests.  (Supp. Doc. Req., Pl.'s Mot. Ex. 3.)  Defendant filed Responses and Objections to Plaintiff's initial discovery requests.  (Resp. to Interrog., Pl.'s Mot. Ex. 4; Resp. to Doc. Req., Pl.'s Mot. Ex. 5)  Plaintiff claims that Defendant has failed to file a response to Plaintiff's supplemental document requests.  (Pl.'s Mot. 1.)[1]

Defendant objected to all of Plaintiff's Interrogatories, and all of Plaintiff's requests for documents.  (Resp. to Interrog.; Resp. to Doc. Req.)  Defendant produced nothing over the course of the discovery process.  As a result, Plaintiff sent Defendant a letter seeking more meaningful responses to its discovery requests.  (Nov. 5, 2012 Letter, Pl.'s Mot. Ex. 6.)  Defendant responded in a letter reiterating its objections and responses to Plaintiff's discovery requests.  (Nov. 15, 2012 Letter, Def.'s Resp. Ex. C, ECF No. 29.)  Unsatisfied with Defendant's response, Plaintiff filed the instant Motion to Compel Discovery Responses.  (Pl.'s Mot.)  Defendant filed a response to the instant Motion.  (Def.'s Resp.)  Plaintiff filed a reply to the response.  (Pl.'s Reply, ECF No. 31.)

---

[1] Defendant claims that it responded and objected to the supplemental requests.  Defendant attached its responses and objections to the supplemental requests as Exhibit B to its Response.

## II. DISCUSSION

### A. Motion to Compel

#### 1. *Legal Standard*

"It is well established that the scope and conduct of discovery are within the sound discretion of the trial court." *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). Pursuant to Federal Rule of Civil Procedure 26(b)(1) a litigant "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). The information sought in discovery need not be admissible, as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevance is generally construed broadly. *See Oppenheimer Funds v. Sanders*, 437 U.S. 340, 351 (1978). The liberal discovery permitted by the Federal Rules of Civil Procedure ensures that "no relevant fact remains hidden." *Northern v. City of Phila.*, No. 98-6517, 2000 WL 355526, at *1 (E.D. Pa. Apr. 4, 2000) (internal citations omitted).

Pursuant to Rule 37 a party who has received evasive or incomplete responses to discovery requests may move for an order compelling discovery. The movant bears the initial burden of showing that the requested discovery is relevant. *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). The burden then shifts to the party opposing discovery to articulate why discovery should be withheld. *Id.* A claim that the "discovery sought is overly broad, burdensome, oppressive, vague or irrelevant is 'not adequate to voice a successful objection.'" *Northern*, 2000 WL 355526, at *2 (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)). "Where a party contends that the sought discovery causes an undue burden,

they must demonstrate specifically how each item of discovery is objectionable by offering evidence revealing the nature of the burden." *Id.* (internal quotation marks omitted).

While generally liberal, permissible discovery is not without limitations. Among those limitations is the work-product doctrine, first articulated in *Hickman v. Taylor*, 329 U.S. 495, 508 (1947). This doctrine immunizes from discovery those documents "prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). A party asserting work-product protection bears the burden of proving that the materials in question were prepared in anticipation of litigation. *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000). "Generally, a reasonable anticipation of litigation requires existence of an identifiable specific claim or impending litigation at the time the materials were prepared." *Schmidt, Long & Assoc., Inc. v. Aetna U.S. Healthcare, Inc.*, No. 00-3683, 2001 WL 605199, at *4 (E.D. Pa. May 31, 2001).

The attorney-client privilege also limits the normally broad disclosure contemplated by Rule 26. The "oldest of the privileges for confidential communications known to the common law," it serves the purpose of "foster[ing] disclosure and communication between the attorney and the client." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *In re Grand Jury Investigation*, 599 F.2d 1224, 1235 (3d Cir.1979). However, courts have recognized that "the privilege obstructs the search for the truth and because its benefits are, at best 'indirect and speculative,' it must be 'strictly confined within the narrowest possible limits consistent with the logic of its principle.'" *Id.* (quoting 8 Wigmore on Evidence § 2291, at 545 (1961)). Whether the privilege applies is a question of law to be decided by the court. *Sampson v. Sch. Dist. of Lancaster*, 262 F.R.D. 469, 474 (E.D. Pa. 2008).

The privilege will only apply when the party asserting it can demonstrate that:

(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury Investigation*, 599 F.2d at 1233 (citing *United States v. United Shoe Mach. Corp.*, 89 F. Supp. 357, 358-59 (D. Mass. 1950)).

Pursuant to Federal Rule of Civil Procedure 26(b)(5), when a party claiming privilege withholds information

> the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).

A defendant may further limit discovery by requesting a protective order. Under Federal Rule of Civil Procedure 26(c), the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that . . . commercial information not be revealed or be revealed in a specified way." Fed. R. Civ. P. 26(c)(1)(G). The party seeking the protective order has the burden of persuasion, and "must show good cause by demonstrating a particular need for protection." *Cipolone v. Ligget Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

### 2. *Interrogatories*

Plaintiff requested the following information from Defendant in its interrogatories:

1) Identify all brands [American] sell[s];

  2) Describe all products sold under each of the brands identified [in response to Interrogatory No. 1.];
  3) Identify each brand that sells:
    a. Muslin
    b. Paraffin Wax
    c. Wax Warmers
  4) Identify all representative groups used by [American] to market its products;
  5) For each of the representative groups identified in response to Interrogatory No. 4, identify the brands and products that representative group markets for [American];
  6) State the total commissions paid to each representative group identified in Interrogatory No. 4 in 2011, 2010, and 2009.

Defendant objected, stating that the requests were "not reasonably calculated to lead to the discovery of admissible evidence and is unduly broad and burdensome and designed to burden [American] with expense that outweighs any likely benefit to the production of such information." (Interrog. Resp. No. 1-6.) According to Defendant, the information requested has "no relevance to the facts or legal issues in dispute in this matter." (*Id*.) In response to Interrogatories Four, Five, and Six, Defendant raised an additional objection that the information requested is "private and proprietary information that has not been put into dispute by [Defendant] in this matter." (*Id.* at No. 4-6.)

Plaintiff has specifically articulated how the information sought is relevant. With respect to Interrogatories One, Two and Three, Plaintiff asserts that identifying brands and products sold by Defendant is pertinent to its tortious interference claim, as Plaintiff's theory of liability is based on the fact that Plaintiff and Defendant are competitors. (Pl.'s Mot. 8.) If the parties sell similar brands and products, then it is more likely that they are competitors. (*Id*.) Interrogatories Four, Five, and Six seek relevant information, because, according to Plaintiff, Defendant pressured these groups not to do business with Plaintiff. The commissions the representative

groups received from Defendant are relevant to the amount of influence Defendant could exert over these groups. (*Id.* at 9.)

Defendant's responses to Plaintiff's requests are simply boilerplate recitations, and fail to provide any detail as to how the requests are burdensome or irrelevant. Moreover, Defendant did not identify with any specificity why these particular items are private and proprietary.[2] Upon review of Plaintiff's requests, and considering the liberal scope of discovery permitted by Rule 26(b), we are not persuaded that Plaintiff's requests are irrelevant or overly broad or unduly burdensome. Accordingly, we will grant Plaintiff's Motion with respect to the Interrogatories.

### 3. *Document Requests*

Plaintiff requests production of any communications between the principles (Zvi Ryzman, Terri Cooper, and Mark Moesta) of Defendant's organization containing the words Mutual or Mastex (Doc. Req. Nos. 1, 3, 5), and any communications between the Defendant's principles and the principles of the companies Plaintiff claims are the subject of tortious interference (Doc. Req. Nos. 2, 4, 6). In addition, Plaintiff makes a more general request for all correspondence between any officer or employee of Defendant and any representative group officer or employee that mentions Mutual Industries, Mutual Beauty, or Mastex Health. (Doc. Req. No. 7.) Finally, Plaintiff requests all accounting ledgers showing payments to representative groups for sales of any of Defendant's brands for the years 2009 through 2012. (Doc. Req. No. 8.)

Generally, Defendant maintains that all of the requests are not reasonably calculated to lead to the discovery of evidence and are unduly broad and burdensome. Plaintiff counters that

---

[2] If in fact these items represent private commercial information, Defendant may request a protective order pursuant to Rule 26(c).

the requested communications may show that certain representative groups were pressured by Defendant to cease doing business with Plaintiff. (Pl.'s Mot. 9.) Again, we find Defendant's threadbare assertions with respect to relevance and scope lacking. Defendant has the burden to articulate why this discovery must be withheld, and it has failed to meet this burden.

Defendant asserts that the information requested in Requests One, Three, and Five, is subject to the attorney-client privilege and the work product doctrine. In a letter to Plaintiff, dated November 15, 2012, Defendant states that after conducting a thorough search, the only communications that were discovered were those that "related to the current lawsuit and/or the prior lawsuit" and as such were protected by the attorney-client privilege and work product doctrine. (Nov. 15, 2012 Letter.)

Defendant has failed to submit any information to support its conclusory assertions of privilege. Pursuant to Rule 26(b)(5), Defendant must describe the nature of the documents withheld so that Plaintiff may assess the applicability of the privilege or protection. To the extent that Defendant has documents responsive to the foregoing requests, but is withholding them on the basis of privilege or work product doctrine, Defendant must give Plaintiff a detailed log of the documents withheld and the basis for any privilege asserted.

With respect to Requests Two, Four, and Six, Defendant claims that it "does not possess any emails or other writings between its principles and the principles of the companies it allegedly tortiously contacted." (Def.'s Resp. 10.) Absent any specific evidence to the contrary, we must take Defendant at its word. We cannot require Defendant to produce documents that do not exist.

Defendant also claims that Request Eight, which requests documents regarding commissions paid to representative groups, represents "private, proprietary and sensitive

financial information." (Resp. to Doc. Req. No. 8.) Plaintiff asserts that the commissions are relevant to demonstrate that these representative groups were susceptible to pressure from Defendant to end their relationship with Plaintiff. (Pl.'s Mot. 9.) Defendant has again failed to demonstrate a particular need for protection of this information. We reiterate, if in fact, these items represent private financial information Defendant may request a protective order pursuant to Rule 26(c).

### 4. *Supplemental Document Requests*

In Plaintiff's Supplements Request, it sought "[a] copy of [Defendant's] most recent balance sheet" and its "most recent financial statements." (Supp. Doc. Req.) Defendant objected to this request as irrelevant and outside the scope of discovery. (Def.'s Resp. 15.) Specifically, Defendant observes that its financial situation is not the subject of this litigation. (Def.'s Resp. 16.) In a letter dated October 2, 2012, Plaintiff states that the request for the financial documents is based on a discussion between counsel at Zvi Ryzman's deposition. In its Reply, Plaintiff explained that the requested financial information is relevant to show that Defendant "used its superior bargaining power to convince manufacturer representatives to cease doing business with [Plaintiff]." (Pl.'s Reply 1.) In addition, Plaintiff noted that the financial information is necessary to litigate its claim for punitive damages. (*Id*.)

As we previously observed, Defendant's financial strength would certainly be relevant to Plaintiff's theory that Defendant used its superior bargaining power to induce representative groups to terminate contracts with Plaintiff. Moreover, as Plaintiff correctly observes, if the case goes to trial, the jury may have to weigh Defendant's wealth in considering a claim for punitive damages. *See Hayfield v. Home Depot U.S.A., Inc*., 168 F. Supp. 2d 436, 458 (E.D. Pa. 2001) (citing *Kirkbride v. Lisbon Contractors, Inc*., 521 Pa. 97, 102 (1989)); *see also Caruso v.*

*Coleman Co.*, 157 F.R.D. 344, 348-49 (E.D. Pa. 1994) (concluding that the plaintiff was entitled to pretrial discovery of defendant's financial information prior to a determination of the defendant's liability for punitive damages); *Grosek v. Panther Transp., Inc.*, 251 F.R.D. 162, 166 (M.D. Pa. 2008) (same).

B. **Request for Sanctions**

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Plaintiff requests that either Defendant or Defendant's attorney pay Plaintiff's reasonable expenses, including attorney's fees, incurred in filing this Motion. (Pl.'s Mot. 14-15.) The imposition of sanctions is within the discretion of the trial court. *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995). Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted, the Court must, after giving the parties an opportunity to be heard:

> [R]equire the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Under Rule 37(a)(5)(A)(i), a good-faith effort to resolve a dispute is required before the party seeks the Court's intervention. A good-faith effort involves "a genuine two-way communication where the parties engage in a meaningful dialogue to resolve the issues without judicial intervention." *Forest River Hous., Inc. v. Patriot Homes, Inc.*, No. 06-841, 2007 WL 1376289, at *1 (N.D. Ind. May 7, 2007).

We conclude that Plaintiff has failed to make sufficient effort to confer with counsel. Accordingly, the award of attorney's fees and costs is not warranted. On November 5, 2012, after receiving Defendant's responses and objections to Plaintiff's discovery requests, Plaintiff sent Defendant a letter requesting more meaningful responses to its requests. Defendant responded to the letter on November 15, 2012, attempting to further explain its objections. Plaintiff did not respond to Defendant's November 15, 2012 letter. It appears that Plaintiff did not make any further attempt to reach out to Defendant regarding discovery. Rather, Plaintiff filed the instant Motion and moved for sanctions only one day following receipt of Defendant's letter. *See Kemp v. Harris*, 263 F.R.D. 293, 297 (D. Md. 2009) (concluding that the defendant did not make a good-faith effort to resolve discovery dispute where counsel filed motion to compel the day after sending email inquiring about plaintiff's discovery responses); *Shoppell v. Schrader*, No. 08-284, 2009 WL 2515817, at *1 (N.D. Ind. Aug. 13, 2009) (finding no good-faith effort where counsel's efforts to confer amounted to only a single letter to opposing counsel and a brief telephone conversation). Plaintiff's single letter, without more, does not constitute a good-faith effort to confer with opposing counsel.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion will be granted in part and denied in part. An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**