IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUTUAL INDUSTRIES, INC. | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO.  11-5007 |
| AMERICAN INTERNATIONAL | : | |
| INDUSTRIES | : | |

SURRICK, J.                                                    MARCH  28 , 2014

## MEMORANDUM

Presently before the Court are Defendant American International Industries' Motion for

Protective Order (ECF No. 37) and Plaintiff Mutual Industries, Inc.'s Cross-Motion for

Sanctions (ECF No. 38).  For the following reasons, Defendant's Motion will be denied and

Plaintiff's Motion will be granted in part and denied in part.

**I.      BACKGROUND**

Plaintiff Mutual Industries, Inc. is a Pennsylvania corporation that sells beauty supplies.

(Am. Compl. ¶¶ 1, 3-6, ECF No. 10.)  Defendant American International Industries is the

"leading manufacturer and distributor of beauty supply products and skin care products."  (*Id.* at

¶ 11.)  This is a diversity action in which Plaintiff alleges that Defendant sought to eliminate

Plaintiff from the beauty supply market by tortiously interfering with five distribution contracts

that Plaintiff had with three different representative groups.  (*Id.* at ¶¶ 2, 11, 12.)

Plaintiff commenced this lawsuit on June 30, 2011, in the Court of Common Pleas of

Philadelphia, Pennsylvania.  (Notice of Removal, Compl. Ex. A, ECF No. 1.)  On August 4,

2011, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §

1441.  (Notice of Removal ¶ 14.)  On August 11, 2011, Defendant filed a motion for a more

definite statement.  (ECF No. 3.)  On October 11, 2011, we filed a Memorandum and Order,

granting in part and denying in part Defendant's motion.  (ECF Nos. 8, 9.)  Plaintiff subsequently

filed an Amended Complaint in compliance with that order.  (Am Compl.)  Defendant filed an

answer to the Amended Complaint on December 29, 2011.  (ECF No. 12.)

 The disputes over discovery have been ongoing.  On September 12, 2012, Plaintiff first

served Defendant with Interrogatories and Requests for Production of Documents.  (July 15

Mem. 2, ECF No. 35.)  After its initial discovery request, Plaintiff served Defendant with two

supplemental document requests asking for Defendant's financial information.  (*Id.*)  These

requests are currently at issue.  Defendant filed Responses and Objections to Plaintiff's initial

discovery requests, and did not respond to Plaintiff's supplemental document requests.  (*Id.*)

Essentially, Defendant produced nothing over the course of the discovery process.  As a result,

Plaintiff sent Defendant a letter seeking more meaningful responses to its discovery requests, to

which Defendant responded by reiterating its objections and responses to Plaintiff's discovery

requests.  (*Id.*)  Unsatisfied with Defendant's response, Plaintiff filed a Motion to Compel

Discovery Responses on November 16, 2012.  (ECF No. 27.)  On July 15, 2013, we filed a

Memorandum and Order granting in part and denying in part Plaintiff's motion.  (July 15 Mem.;

July 15 Order, ECF No. 36.)  We directed Defendant to provide information in response to

Plaintiff's Interrogatories and Document Requests, and to provide a privilege log for documents

withheld based on privilege.  (July 15 Mem.; July 15 Order.)

 Following the July 15 Order, Defendant and Plaintiff had various communications

regarding Defendant's response to the discovery requests seeking Defendant's financial

information.  (Pl.'s Mot. Exs. A, B.)  Defendant continued to produce nothing.  Consequently,

Plaintiff sent Defendant a letter via e-mail notifying it that if Plaintiff did not receive complete

responses from Defendant by September 19, 2013, Plaintiff would file a motion for sanctions. (Pl.'s Mot. Ex. C.)  Two days later, Defendant sent an e-mail to Plaintiff and provided two documents to Plaintiff—a privilege log and a document that responded to some of the Interrogatories.  (*Id.* at Ex. D.)  In the same e-mail, Defendant requested that Plaintiff contact Defendant to discuss a confidentiality agreement with regard to Defendant's private financial information.  (*Id.*)  Plaintiff claims that there was already an existing Confidentiality Agreement between the parties.  (*Id.* at ¶ 39 & Ex. E.)  On October 4, 2013, Plaintiff wrote to Defendant because it was unsatisfied with Defendant's discovery responses.  (*Id.* at Ex. F.)  Defendant responded stating that it was working to produce responsive documents and that it would "of course, like to avoid any unnecessary motion practice in this matter."  (*Id.* at Ex. G.)  On October 11, 2013, Defendant wrote to Plaintiff reiterating that it was gathering documents for production. (*Id.* at Ex. H.)

On October 22, 2013, Defendant filed the instant Motion for Protective Order, which concerns the documents Defendant previously said it was working on producing.  (Def.'s Mot., ECF No. 37.)  Defendant seeks an order quashing Plaintiff's supplemental document requests for:  (1) a copy of Defendant's most recent balance sheet prepared in accordance with generally accepted accounting principles; and (2) a copy of Defendant's most recent financial statements whether prepared internally or by outside accountants for any purpose and including any footnotes, accountants' reports, and other attachments or explanatory notes.  (*Id.* at 3.)  Plaintiff filed a Response and a Cross-Motion for Sanctions on November 4, 2013.  (Pl.'s Mot., ECF No. 38.).  Defendant replied to its motion on November 18, 2013.  (ECF No. 39.)

## II.     DISCUSSION

### A.     Motion for Protective Order

#### 1.     Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that any non-privileged material relevant to any claim or defense of the action is discoverable. *See* Fed. R. Civ. P. 26(b)(1). However, courts are permitted to issue orders to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," related to the discovery if the party seeking the order shows that "good cause" exists for the protection of that material. Fed. R. Civ. P. 26(c)(1); *Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 483 (3d Cir. 1995) (citations omitted). Broad allegations of harm will not suffice to establish good cause. *Glenmede Trust Co.*, 56 F.3d at 483. Instead, a party must show "that disclosure will result in a clearly defined, specific and serious injury . . . ." *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994)).

In determining whether good cause exists, courts must balance "the privacy interests of the parties against the public interest in access to the discovery information." *Id.* (quotations omitted). The Third Circuit has established several factors that courts should balance: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Pansy*, 23 F.3d at 787-91; *see Shingara*, 420 F.3d at 306. The Third Circuit has also adopted a

balancing test when considering whether to grant a protective order. *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 175 (E.D. Pa. 2004). "When the risk of harm to the owner of [a] trade secret or confidential information outweighs the need for discovery, disclosure [through discovery] cannot be compelled." *Pansy*, 23 F.3d at 787 (quoting Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 423-33 (1991)) (alteration in original).

    *2.*  *Analysis*

    In support of its Motion, Defendant contends that Plaintiff's Supplemental Requests for Production of Documents go beyond the permissible grounds of discovery and must be suppressed. The specific requests at issue ask Defendant to produce a copy of its most recent balance sheet and a copy of its most recent financial statements. Defendant does not assert that good cause exists for it not producing its financial information, but instead uses its Motion to again argue that the information requested by Plaintiff, and ruled as relevant and discoverable by this Court on July 15, 2013, is not reasonably calculated to lead to admissible evidence. Specifically, Defendant claims that the Court's reasoning in its July 15 Memorandum was flawed, stating that Plaintiff has no factual basis on which to assert that Defendant's financial information could have influenced representative groups that terminated contracts with Plaintiff, because Defendant's financial information is private and not available to those representative groups. Defendant states that it would agree to provide its financial information in camera, only for a jury, and only if a jury should reach the claim for punitive damages.

    In response, Plaintiff contends that Defendant's Motion should be denied because it raises the same objections to producing its financial information that were previously rejected by this Court in its July 15 Memorandum. Plaintiff also claims that Defendant has not met its

burden of showing that good cause for a protective order exists because it has not alleged a specific injury that would result if it is forced to disclose its financial information.  Plaintiff further notes that, after this Court ordered Defendant to produce its financial information, Defendant promised the information for months and filed this Motion rather than producing anything.

In its reply brief, Defendant contends that it has alleged that it would suffer an injury if forced to produce financial documents.  Defendant generally argues that its injury would be disclosing private financial information to a direct competitor.  According to Defendant, this "injury" is good cause for the entry of a protective order.  Defendant then advances more arguments as to why it believes that the information sought is not relevant and should not have to be produced.

As we noted earlier, a party seeking a protective order must specifically demonstrate that disclosure of discovery material will cause a "clearly defined and serious injury." *Glenmede Trust Co.*, 56 F.3d at 483.  Defendant's Motion fails to meet this burden by broadly claiming that providing its private financial information to Plaintiff, a direct competitor, would impede its privacy interests.   Defendant has not provided a specific example of an injury that it will suffer if its financial information is disclosed to Plaintiff.  In addition, Defendant has not cited any case law that suggests that a protective order is appropriate here, nor has it shown that the factors listed by the Third Circuit favor granting a protective order.

With regard to the Third Circuit's good cause factors, the first factor asks us to consider whether disclosure will violate any privacy interests.  Defendant seeks to prevent disclosure of its financial information to Plaintiff and argues that it violates its privacy interests because Plaintiff is its competitor.  However, the parties had a confidentiality agreement which protected

such confidential and private information and ensured that all such information would be held in confidence and would only be used for the purpose of litigation. Thus, although Defendant would be disclosing private information to Plaintiff, it is protected.

With regard to the second factor, whether the information is being sought for a legitimate or improper purpose, in our July 15 Order requiring Defendant to produce its financial information, we ruled that Plaintiff was seeking legitimate, discoverable information. We concluded that Defendant's financial strength would certainly be relevant to Plaintiff's theory that Defendant used its superior bargaining power to induce representative groups to terminate contracts with Plaintiff. Moreover, we found that if the case goes to trial, the jury may have to weigh Defendant's wealth in considering a claim for punitive damages. Defendant's arguments that the financial information sought is not relevant have already been ruled on, and nothing has changed since that ruling. The information sought is still relevant and discoverable, and is being sought for a legitimate purpose. Defendant's arguments otherwise fail. This factor weighs against granting a protective order.

The third factor requires us to consider whether disclosure of Defendant's financial information will cause a party embarrassment. Defendant has not raised this issue and we do not see how revealing its financial information to Plaintiff would cause Defendant any embarrassment. The fourth factor is whether confidentiality is being sought for information important to public health and safety. The financial condition of a private firm is not a matter of public health and safety. Clearly, this factor does not apply. The fifth factor requires us to consider whether the sharing of information among litigants will promote fairness and efficiency.

7

Since Defendant's financial information is relevant and discoverable, as a matter of fairness, Plaintiff should have the information.[1]

Balancing the above factors, it is evident that they do not favor granting a protective order.  Moreover, Defendant has failed to establish that producing its financial information to Plaintiff will result in a specific serious injury.  Accordingly, Defendant has not carried the burden of establishing good cause for seeking a protective order.  Defendant's Motion will be denied.

**B.      Cross-Motion for Sanctions**

*1.      Legal Standard*

The Federal Rules of Civil Procedure provide that a party that has failed to obey an order regarding discovery may be sanctioned.  Fed. R. Civ. P. 37(b)(2)(A).  Moreover, instead of or in addition to the sanctions permitted by Rule 37(b)(2)(A),

> the court must order the disobedient party, the attorney advising that party,  or both to pay the reasonable expenses, including attorney's fees, caused  by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).  The decision to impose sanctions for discovery violations under Rule 37(b)(2)(A) is within the sound discretion of the trial court.  *See Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 134 (3d Cir. 2009) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007)).  However, a district court's discretion is limited, in that "'any sanction must be 'just''" and "the sanction must be specifically related to the particular 'claim,' which was at issue in the order to provide discovery.'"  *Joselson v. Lockhart-Bright Assocs.*, 95 F.R.D. 160, 163 (E.D. Pa. 1982) (quoting *Ins. Corp. of Ireland v. Compagnie des*

---

[1] The last two factors do not apply here because none of the parties are public entities and the case does not involve an important public issue.

8

*Bauxites de Guinee*, 456 U.S. 694, 707 (1982)).  Moreover, the power to impose sanctions is

"'necessary in order to prevent undue delays in the disposition of pending cases and to avoid

congestion in the calendars of the District Courts.'"  *Roadway Express, Inc. v. Piper*, 447 U.S.

752, 765 (1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)).

        2.    *Analysis*

     In its Cross-Motion for Sanctions, Plaintiff claims that Defendant has refused to comply

with this Court's July 15 Order requiring Defendant to turn over its financial information.  More

specifically, Plaintiff argues that an order sanctioning Defendant is appropriate and warranted

because this Court already found that Defendant's financial information is relevant and

discoverable.  In addition, Plaintiff urges us to order Defendant to reimburse Plaintiff for

attorney's fees that it has incurred because of Defendant's failure to produce its financial

information.  Plaintiff seeks fees in the amount of $3,474.53.

     Although Defendant did not provide the financial information in dispute, Defendant did

provide Plaintiff with other information that was ordered to be produced in the July 15 Order.

Since Defendant did not ignore the Order completely and did provide Plaintiff with some

documents, sanctions for failure to comply with the Order are inappropriate.  However, we will

award Plaintiff attorney's fees related to the instant Motions.  Plaintiff contacted Defendant

several times over a period of approximately three months after the July 15 Order in an attempt

to obtain Defendant's financial information.  Defendant informed Plaintiff that it was working on

producing its financial information for Plaintiff.  Defendant did not provide the information in

accordance with the July 15 Order and instead filed this baseless Motion.  Plaintiff was then

forced to respond to the Motion.  Plaintiff is entitled to attorney's fees related to its opposition of

Defendant's Motion and its Motion for Sanctions, both of which were filed as a result of

Defendant's failure to comply with the July 15 Order.  Plaintiff should submit a statement of its attorney's fees to the Court so that they can be reviewed for reasonableness.

## III.    CONCLUSION

For the foregoing reasons, Defendant American International Industries' Motion for a Protective Order will be denied and Plaintiff Mutual Industries, Inc.'s Cross-Motion for Sanctions will be granted in part and denied in part.

An appropriate Order will follow.

BY THE COURT:

_____

**R. BARCLAY SURRICK, J.**